# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 16-386-JGB (KKx) | Date | April 21, 2016 |
|---|---|---|---|
| Title | *Charlotte Cephas-Boyd v. Shellpoint Partners, LLC* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order: (1) GRANTING Plaintiff's Motion to Remand (Doc. No. 9); (2) REMANDING the Action to the Superior Court of California, County of Riverside; and (3) VACATING the April 25, 2016 Hearing (IN CHAMBERS)

    Before the Court is Plaintiff's Motion to Remand (Doc. No. 9) and Defendant's Motion to Dismiss (Doc. No. 6). The Court finds these matters appropriate for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed in support of and in opposition to the motions, the Court GRANTS the Motion to Remand and VACATES the April 25, 2016 hearing. As the case will be remanded, the Court does not address Defendant's Motion to Dismiss.

## I. BACKGROUND

### A. Procedural History

    On January 29, 2016, Plaintiff Charlotte Cephas-Boyd ("Plaintiff") filed a Complaint against Defendant Shellpoint Partners, LLC ("Defendant") in the Superior Court of California, County of Riverside. (Compl., Doc. No. 1, Ex. 1.)

    On March 2, 2016, Defendant removed the action to this Court, asserting diversity jurisdiction. (Not. of Removal, Doc. No. 1.) On March 9, 2016, Defendant filed a motion to

dismiss. ("MTD," Doc. No. 6.)[1] Plaintiff opposed on March 28, 2016. ("MTD Opp'n," Doc. No. 10.) Defendant replied on April 4, 2016. ("MTD Reply," Doc. No. 11.)

On March 23, 2016, Plaintiff filed a motion to remand. ("MTR," Doc. No. 9.) Defendant opposed on April 4, 2016. ("MTR Opp'n," Doc. No. 12.) Plaintiff replied on April 11, 2016. ("MTR Reply," Doc. No. 13.)

### B. Allegations in the Complaint

Plaintiff's Complaint alleges the following facts. On June 23, 2005, Plaintiff obtained a mortgage loan from First Platinum Financial and purchased her residence, which is located at 4257 Shoalcreek Drive, Corona, CA 92883 (the "Property"). (Compl. ¶¶ 2, 17.) Thereafter the Bank of New York Mellon became the owner of the mortgage loan. (Id. ¶ 19.) Defendant currently services the loan. (Id. ¶¶ 10, 20.)

In 2010, Plaintiff suffered financial hardship and applied for a loan modification, (id. ¶¶ 21-22), which Defendant denied (id. ¶ 23). At the time, Plaintiff's loan payment was $2,541. (Id. ¶ 23.) Defendant instructed Plaintiff to pay $1,988, even though that amount would be insufficient to pay down the principal. (Id.)

On April 18, 2011, the Bank of New York Mellon filed a Notice of Default on the Property. (Id. ¶ 24.) On April 29, 2011, Plaintiff filed for Chapter 13 bankruptcy. (Id. ¶ 25.) The bankruptcy court directed Plaintiff to make payments of $1,500.00. (Id. ¶ 25.) On November 8, 2013, a Notice of Rescission was recorded on the Notice of Default. (Id. ¶ 26.)

In March and April of 2015, Plaintiff contacted Defendant to attempt to negotiate a larger payment to be applied to the principal. (Id. ¶ 27.) Defendant refused to accept the payment. (Id. ¶ 27.)

On October 19, 2015, Plaintiff submitted a new loan modification application. (Id. ¶ 28.) On October 29, 2015, Defendant denied Plaintiff's application, referencing a high property valuation, and the fact that a modification would yield higher payments than Plaintiff's income. (Id. ¶ 29.) On November 21, 2015, Plaintiff appealed, stating that the property valuation and income information used by Defendant had been incorrect. (Id. ¶ 30.) Plaintiff also noted that, as stated in Defendant's own denial letter, the modification would have lowered Plaintiff's monthly payments. (Id. ¶ 30.) On December 9, 2015, Plaintiff's appeal was denied. (Id. ¶ 31.) In refusing to modify the terms of her loan or accept a lump sum payment towards the principal, Plaintiff contends that Defendant has repeatedly refused to allow Plaintiff to pay down her principal, and has instead threatened to foreclose on the Property. (Id. ¶ 32.)

---

[1] Defendant also filed a request for judicial notice of various documents submitted in support of its Motion to Dismiss. ("RJN," Doc. No. 7.) Because the Court does not rely on the documents in ruling on either the Motion to Remand or the Motion to Dismiss, Defendant's request for judicial notice is DENIED.

Based on these factual allegations, Plaintiff asserts various claims against Defendant. Specifically, the Complaint sets forth the following four claims:

(1) Violation of the California Homeowner's Bill of Rights ("HBOR"), California Civil Code § 2923.6 (id. ¶¶ 34-39);
(2) Breach of the Implied Covenant of Good Faith and Fair Dealing (id. ¶¶ 41-49);
(3) Violation of California Business & Professions Code §§ 17200 (id. ¶¶ 51-55); and
(4) Negligence (id. ¶¶ 57-61).

Plaintiff seeks an order modifying the terms of the mortgage loan setting the current balance of the loan at $548,000.00, plus any prior mortgage arrearages, with an interest rate no greater than 2%, and a monthly payment of $1,659.48.  (Id. ¶ 61.H.)  Plaintiff also seeks to enjoin Defendants from recording a Notice of Default on the Property, foreclosing on the Property, and violating the California Business & Professions Code, California Civil Code, the HBOR, or otherwise "continuing to harm Plaintiff."  (Id. ¶¶ 61.A, B, C, P.)  Plaintiff seeks actual, compensatory, consequential and statutory damages in unspecified amounts, as well as the costs of this action, including attorney's fees.  (Id. ¶¶ 61.I-T.)

## II. LEGAL STANDARD[2]

In general, a defendant may remove a case over which the federal courts have original jurisdiction.  28 U.S.C. § 1441(a).  Here, the purported basis for original jurisdiction is diversity of citizenship.  28 U.S.C. § 1332(a).  Diversity jurisdiction generally requires "complete diversity," that is, "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).  In addition, the amount in controversy must exceed $75,000, excluding interest and costs.  28 U.S.C. § 1332.  "The general federal rule has long been to decide what the amount in controversy is from the complaint itself."  Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961).

To remove a case, the defendant files a notice of removal in the federal district court in the district and division within which the state court action was pending.  28 U.S.C. § 1446(a).  The notice must contain "a short and plain statement of the grounds for removal"—in a case relying on diversity jurisdiction, that the parties are citizens of different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a)—"together with a copy of all process, pleadings, and orders" served previously on the removing defendant.  28 U.S.C. § 1446(a).

The plaintiff may then challenge the removal, for example, on the basis that the amount in controversy is insufficient to invoke the federal court′s subject-matter jurisdiction.  In that case, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Dart Cherokee Basin Operating Co. v.

---

[2] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

Owens, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014); see 28 U.S.C. § 1446(c)(2)(B).  If it has not, the court must remand the matter to state court.  28 U.S.C. § 1447(c).

### III. DISCUSSION

Plaintiff contends that the amount in controversy does not exceed $75,000.  (MTR at 4-5.)  Defendant argues the entire value of the Property, which exceeds $75,000, is at stake in this litigation because Plaintiff seeks to enjoin Defendant from "recording a Notice of Sale" or "Notice of Default" against the Property and "from foreclosing on the Subject Property." (MTR Opp'n at 1; Not. of Removal at 3.)  Even if the total value of the Property is not in controversy in this litigation, Defendant contends the difference in value between the current loan and the requested modified loan is at least $88,166.  (MTR Opp'n at 6.)  Combined with Plaintiff's request for compensatory, consequential and statutory damages, as well as the costs of this action including attorney's fees, Defendant asserts the amount in controversy exceeds the $75,000 jurisdictional threshold.  (MTR Opp'n at 1, 5.)

The Court is not persuaded by Defendant's arguments.  First, this Court and others in this district have held that, where a plaintiff seeks a loan modification and an injunction preventing foreclosure pending a decision on a requested loan modification, the entire amount of the loan does not factor into the amount-in-controversy.  See, e.g., Steele v. J.P. Morgan Chase Bank, N.A., No. EDCV 15-657-JGB, 2015 WL 4272276, at *3 (C.D. Cal. July 14, 2015) ("Plaintiffs merely seek a final decision on their loan modification application, and ask the Court to enjoin Defendant from pursuing foreclosure until it has properly complied with HBOR's requirements for loan-modification application review.  Thus, the value of the Property itself should not factor into the amount-in-controversy calculus."); Ramirez v. JP Morgan Chase Bank, N.A., No. CV 15-05082-SJO, 2015 WL 5470298, at *3 (C.D. Cal. Sept. 17, 2015) ("[A]lthough Plaintiff's Prayer for Relief requests that the Court enjoin Defendant from conducting foreclosure proceedings, . . . there is no actual threat of foreclosure . . . .  The only issue presented in the Complaint is Defendant's purported violations of California law pertaining to the loan modification application.  The Court, therefore, follows the reasoning in Steele and grants Plaintiff's Motion [to Remand]."); Vergara v. Wells Fargo Bank, N.A., No. SACV 15–00058–JLS, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) ("[c]ourts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification.").

This case differs slightly from those cited above in that the Complaint is ambiguous as to whether Plaintiff seeks to enjoin Defendant from foreclosing on the property temporarily pending Plaintiff's loan modification, or permanently.  This Court has previously theorized that if a plaintiff seeks to permanently enjoin a defendant from foreclosing on a property, the value of the property would be placed in controversy.  Steele, 2015 WL 4272276, at *3.  Although Defendant states that Plaintiff seeks a "permanent injunction enjoining a foreclosure sale," (MTR Opp'n at 5) (citing "generally" to the Complaint), Defendant mischaracterizes the Complaint.  Plaintiff seeks to enjoin Defendant "from foreclosing on the Subject Property," and does not specify the duration of the sought-after injunction.  (Id. ¶ 61.C.)  Elsewhere in the prayer, Plaintiff requests a permanent injunction to prevent "all harm to Plaintiff," (Complaint ¶ 61.P), but the Complaint

is ambiguous as to whether Plaintiff seeks to temporarily or permanently enjoin Defendants from foreclosing on the Property.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted)).  Thus, the Court will not presume Plaintiff seeks a permanent injunction to prevent foreclosure when the Complaint is ambiguous on the subject.  See Malaguit v. Ocwen Loan Servicing, LLC, No. 515CV01621CASDTBX, 2015 WL 5884856, at *4-5 (C.D. Cal. Oct. 6, 2015) (resolving ambiguity in complaint in favor of plaintiff on motion to remand).

Moreover, it is undisputed that the gravamen of the Complaint is to receive the loan modification. (See MTR Opp'n at 1) ("The gravamen of Plaintiff's action is that, as a matter of law, Shellpoint should give her a loan modification . . . .").  Plaintiff does not seek to rescind the loan.  Rather, Plaintiff brings suit because she wishes to continue paying the mortgage on a modified payment plan.  Where, as here, the gravamen of the Complaint is Plaintiff's requested loan modification, it cannot be said that the Property itself is the litigation's object.[3]  See Uribe v. Bank, No. CV 15-9053-R, 2016 WL 409666, at *1 (C.D. Cal. Feb. 1, 2016) ("Defendant claims that the jurisdictional amount is satisfied because Plaintiff seeks to enjoin the foreclosure of his property, in which case the amount in controversy should be measured by either the value of the property or the loan. The Complaint, however, does not allege wrongful foreclosure, or even that Defendant has taken steps to initiate a foreclosure. The gravamen of Plaintiff's Complaint is that he was denied a good-faith loan modification review."); see also, Vonderscher v. Green Tree Servicing, LLC, No. 2:13-CV-00490- MCE, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013) ("Numerous other courts have found that when a plaintiff does not seek to rescind the loan at issue, but instead seeks damages in an unspecified amount . . . the amount in controversy is not properly gauged by the loan amount."); Landa v. Flagstar Bank, FSB, No. 10CV1429-L (BGS), 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010) (remanding action where plaintiffs sought an "injunction against foreclosure" but were "not seeking loan rescission").

The appropriate test for determining the amount-in-controversy in this case is "the pecuniary result to either party which the judgment would directly produce."  Cross v. Home Loan Mortg. Corp., CV 11-04728 DMG (RZx), 2011 WL 2784417, at *2 (C.D. Cal. July 15, 2011).  Here, that will be the difference in value between the current loan and requested modified loan, plus any additional damages Plaintiff seeks.  See Johnson v. Wells Fargo Home Mortgage, No. CV 12-00144 GAF SPX, 2012 WL 1229880, at *4 (C.D. Cal. Apr. 11, 2012) ("[I]f a plaintiff asserts that he is entitled to a wrongfully denied loan modification, the amount put into controversy is the difference between the value of the existing loan and the proposed modified loan.").

---

[3] Although a Notice of Default was filed in January 2016, Defendant has not initiated foreclosure proceedings.  (MTR Opp'n at 2.)

However, the Court cannot assess the difference between the value of the existing loan and the proposed modified loan because Defendant has presented no evidence of the former. Defendant estimates that the difference between the amount presently due on the loan and the modified amount Plaintiff seeks in the Complaint is "at least $88,166," (MTR Opp'n at 6), but Defendant arrives at this number without offering any evidence of the current value of the loan. Defendant's $88,166 estimate is based on bankruptcy schedules from April 2011. Defendant then concludes that $88,166 is likely an underestimate, because the loan balance was even higher in July 2011 and March 2015. (MTR Opp'n at 6 n.1.) That may be, however, the most recent evidence of the balance of the loan is more than a year old. The Court will not base jurisdiction on a speculative estimate of the loan's current value.[4] See Johnson, 2012 WL 1229880, at *4 (declining to consider speculative calculations of attorney's fees); see also Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("A speculative argument regarding the potential value of the award is insufficient.").

Finally, Defendant argues that the Complaint seeks various damages, and attorney's fees, and that these amounts may be added together in determining the amount in controversy. (MTR Opp'n at 7.) However, Plaintiff does not specify any amount of damages in the Complaint, and Defendant has not provided any evidence as to what the damages may be.

In light of the above, the Court finds that the amount-in-controversy requirement has not been satisfied. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement."); Sauer v. Prudential Ins. Co. of Am., 2011 WL 5117772, *1 (C.D. Cal. Oct. 28, 2011) ("The strong presumption against removal jurisdiction necessarily means that federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" (quoting Gaus, 980 F.2d at 566)); Haase v. Aerodynamics Inc., 2009 WL 3368519, *2 (E.D. Cal. Oct. 19, 2009) ("[I]f there is any doubt as to the right of removal in the first instance, remand must be granted"). The Court therefore GRANTS Plaintiff's Motion to Remand.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand, and REMANDS the action to the California Superior Court, County of Riverside. The April 25, 2016 hearing is VACATED.

**IT IS SO ORDERED.**

---

[4] The Court is especially reticent to rely on speculative calculations given that Defendant's $88,166 estimate of the amount-in-controversy is close to the $75,000 threshold.